**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | |
|---|---|
| LAUREN RICHWINE and DEATH DONE DIFFERENTLY LLC, | Case No.  1:23-cv-370 |
| *Plaintiffs*, | |
| v. | |
| KATHLEEN DIANE MATUSZAK, THOMAS SPROLES, FRANK DOWNING, and CHRISTOPHER COOKE, in their official capacities as members of the Indiana State Board of Funeral & Cemetery Service; THEODORE ROKITA, in his official capacity as Attorney General of Indiana; and LINDSAY HYER, in her official capacity as Executive Director of the Indiana Professional Licensing Agency, | |
| *Defendants.* | |

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs Lauren Richwine and Death Done Differently LLC, pursuant to Rule 65 of the Federal Rules of Civil Procedure and Local Rule 65-1, move this Court for a preliminary injunction restraining Defendants and their agents from preventing Plaintiffs from exercising, during the pendency of this litigation, their First Amendment rights to give individualized advice and education, as well as their rights to engage in commercial speech.

This motion for a preliminary injunction is based on this motion, the brief in support, the verified complaint, the other papers and pleadings on file in this action, and upon such other matters as may be presented to the Court during the pendency of this motion.

WHEREFORE, Plaintiffs respectfully request that the Court enter a preliminary injunction enjoining Defendants from enforcing Indiana's funeral-licensing statutes—whether for funeral-director licensure or funeral-home licensure—against Plaintiffs for their pure speech or for truthfully advertising the same. More specifically, Defendants should be enjoined from enforcing the licensing statutes based on services consisting of pure speech identified in the Cease & Desist Order, Compl. Ex. G. Those services include, but are not necessarily limited to, "discussion of funeral options," "verbal guidance" and "consultation" with families about death care, and "providing advice" about choosing funeral services. *See* Compl. ¶¶ 125–26 & Ex. G at 42–43 ¶¶ 17–18.

In the alternative, once the Court has heard argument and rendered a decision in favor of Plaintiffs, the Court could direct the parties to submit a proposed order specifying the scope of the preliminary injunction based on the Court's ruling.

RESPECTFULLY SUBMITTED this 30th day of August, 2023.


Stephen J. Peters (IN Bar No. 6345-49)
David I. Rubin (IN Bar. No. 22525-53)
Erika Steuerwald (IN Bar. No. 34044-49)
KROGER GARDIS & REGAS, LLP
111 Monument Circle, Suite 900
Indianapolis, IN 46204
(317) 692-9000
speters@kgrlaw.com
drubin@kgrlaw.com
esteuerwald@kgrlaw.com

/s/ *Benjamin A. Field*
Benjamin A. Field (DC Bar No. 1046902)
Christian Lansinger (MD Bar No. 2211290007)
INSTITUTE FOR JUSTICE
901 N. Glebe Rd., Ste. 900
Arlington, Virginia 22203
(703) 682-9320
bfield@ij.org
clansinger@ij.org

Jeff Rowes (TX Bar No. 24104956)
INSTITUTE FOR JUSTICE
816 Congress Ave., Suite 960
Austin, TX 78701
(512) 480-5936
jrowes@ij.org

*Counsel for Plaintiffs Lauren Richwine and Death Done Differently LLC*