# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| LAUREN RICHWINE and DEATH DONE DIFFERENTLY LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>KATHLEEN DIANE MATUSZAK, THOMAS SPROLES, FRANK DOWNING, and CHRISTOPHER COOKE, in their official capacities as members of the Indiana State Board of Funeral & Cemetery Service; THEODORE ROKITA, in his official capacity as Attorney General of Indiana; and LINDSAY HYER, in her official capacity as Executive Director of the Indiana Professional Licensing Agency,<br><br>*Defendants*. | Case No. 1:23-cv-370 |

## PLAINTIFFS' REQUEST FOR ORAL ARGUMENT AND EVIDENTIARY HEARING ON THEIR MOTION FOR PRELMINARY INJUNCTION

Pursuant to Local Rule 7-5, Plaintiffs respectfully request that the Court hold oral argument and an evidentiary hearing on Plaintiffs' motion for preliminary injunction.

Oral argument is warranted because this case raises important First Amendment questions of first impression in the Seventh Circuit. This area of the law is under development across the country as courts apply the Supreme Court's landmark decision in *National Institute of Family & Life Advocates v. Becerra*, 138 S. Ct. 2361 (2018), to the intersection of free speech and occupational licensing. Oral argument would allow the Court to fully explore these legal issues.

Plaintiffs also respectfully suggest that an evidentiary hearing would be appropriate, for two reasons. *First*, it would be helpful for the Court to hear directly from Plaintiff Lauren Richwine. Lauren's work as a death doula to provide end-of-life guidance and advocacy for dying people and their families is a relatively nascent field of work nationwide. The Court may therefore be unfamiliar with her type of work, and the Court may have specific questions that the verified complaint and its exhibits do not answer. *Second*, because Defendants are restricting Lauren's speech based on its content, that triggers heightened First Amendment scrutiny, which creates a presumption of unconstitutionality and places the burden on Defendants to present evidence that their restrictions on Lauren's speech serve a sufficiently important government interest with appropriately narrow tailoring. That burden is the same at the preliminary-injunction stage. *See, e.g.*, *Ashcroft v. ACLU*, 542 U.S. 656, 666 (2004); *Korte v. Sebelius*, 735 F.3d 654, 666 (7th Cir. 2013). An evidentiary hearing would enable Plaintiffs and the Court to examine any evidence Defendants present to justify their restrictions on Plaintiffs' speech.

For the evidentiary hearing, Plaintiffs anticipate a short opening and then 90 minutes for Plaintiff Richwine to testify and be cross-examined. Plaintiffs cannot anticipate how long it will take for Defendants to present their case. Following the evidentiary hearing, Plaintiffs anticipate that 20 minutes per side would be sufficient to explain to the Court, and answer any questions from the Court, about how the briefing and paper evidence, along with the live testimony at the evidentiary hearing, should resolve the motion.

RESPECTFULLY SUBMITTED this 30th day of August, 2023.

| | |
|---|---|
| Stephen J. Peters (IN Bar No. 6345-49)<br>David I. Rubin (IN Bar. No. 22525-53)<br>Erika Steuerwald (IN Bar. No. 34044-49)<br>KROGER GARDIS & REGAS, LLP<br>111 Monument Circle, Suite 900<br>Indianapolis, IN 46204<br>(317) 692-9000<br>speters@kgrlaw.com<br>drubin@kgrlaw.com<br>esteuerwald@kgrlaw.com | /s/ *Benjamin A. Field*<br>Benjamin A. Field (DC Bar No. 1046902)<br>Christian Lansinger (MD Bar No. 2211290007)<br>INSTITUTE FOR JUSTICE<br>901 N. Glebe Rd., Ste. 900<br>Arlington, Virginia 22203<br>(703) 682-9320<br>bfield@ij.org<br>clansinger@ij.org<br><br>Jeff Rowes (TX Bar No. 24104956)<br>INSTITUTE FOR JUSTICE<br>816 Congress Ave., Suite 960<br>Austin, TX 78701<br>(512) 480-5936<br>jrowes@ij.org |

*Counsel for Plaintiffs Lauren Richwine and Death Done Differently LLC*