# Exhibit G

# Death Done Differently Cease & Desist Order, August 21, 2023

BEFORE THE STATE BOARD
OF FUNERAL AND CEMETERY
SERVICE
CAUSE NO: 2023 SBFCS 0001

IN THE MATTER OF THE UNLICENSED )
PRACTICE OF: )
)
DEATH DONE DIFFERENTLY LLC )
)
and )
)
LAUREN RICHWINE )

FILED
AUG 21 2023
Indiana Professional
Licensing Agency

## FINAL ORDER ACCEPTING
## PROPOSED CEASE AND DESIST AGREEMENT

The State Board of Funeral and Cemetery Service ("the Board") considered the Parties' Proposed Cease and Desist Agreement ("the Agreement") at its regularly scheduled meeting on August 3, 2023, held in Room W064 in Indiana Government Center South in Indianapolis. After such consideration, the Board finds that the Agreement has been entered into without fraud, duress, or undue influence and that it is fair and equitable to both parties.

**WHEREFORE**, the Board, being duly advised, APPROVES and ACCEPTS the Parties' Agreement. The Agreement is fully incorporated into this Order and is attached hereto as Exhibit A. Respondents are hereby ordered to comply with the terms of the Agreement.

**SO ORDERED**, this 21st day of August, 2023.

STATE BOARD OF FUNERAL AND
CEMETERY SERVICE

By: *Tracy Hicks* For:
Kathleen Matuszak
Chairperson

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Order was served upon the below-listed parties:

Erika Steuerwald
KROGER GARDIS & REGAS, LLP
111 Monument Circle, Suite 900
Indianapolis, Indiana 46204
ESteuerwald@kgrlaw.com
*Counsel for Respondents*
**By Email**

Ian Mathew
Deputy Attorney General
ian.mathew@atg.in.gov
*Counsel for Petitioner*
**By Email**

_8-21-23_
Date

*Tracy Hicks*
Tracy Hicks, Board Director

State Board of Funeral and Cemetery Service
Indiana Government Center South
402 West Washington St., Room W072
Indianapolis, IN 46204
Phone: 317-234-3031
Fax: 317-233-4236
Email: pla12@pla.in.gov

**Explanation of Service Methods**
Personal Service: by delivering a true copy of the aforesaid document(s) personally.
Service by U.S. Mail: by serving a true copy of the aforesaid document(s) by First Class U.S. Mail, postage prepaid.
Service by Email: by sending a true copy of the aforesaid document(s) to the individual's electronic mail address.

2

BEFORE THE STATE BOARD
OF FUNERAL AND
CEMETERY SERVICE
CAUSE NO: 2023 SBFCS 0001

FILED
JUL 31 2023
Indiana Professional
Licensing Agency

IN THE MATTER OF THE UNLICENSED PRACTICE OF:

DEATH DONE DIFFERENTLY LLC

and

LAUREN RICHWINE

## PROPOSED CEASE AND DESIST AGREEMENT

Petitioner, the State of Indiana, by counsel, Deputy Attorney General Ian Mathew, and Respondents, Death Done Differently LLC and Lauren Richwine, by counsel, Erika Steuerwald, submit this Proposed Cease and Desist Agreement ("the Agreement") to the State Board of Funeral and Cemetery Service ("the Board"). Petitioner and Respondents (collectively "the Parties") stipulate and agree to the following:

### STIPULATED FACTS

### Background

1. Pursuant to Ind. Code § 25-1-7-14, the Office of the Indiana Attorney General ("OAG") initiated this action against Respondents on January 31, 2023.

2. Death Done Differently LLC ("Respondent Company") does not hold, and has never held, a funeral home license in Indiana.

3. Respondent Company's last-known mailing address is 933 Illsley Drive, Fort Wayne, Indiana 46807.

## Exhibit A

4. Lauren Richwine ("Respondent Richwine") is the founder and principal operator of Respondent Company.

5. Respondent Richwine does not hold, and has never held, a funeral director license in Indiana.

6. Respondent Richwine's last-known mailing address is also 933 Illsley Drive, Fort Wayne, Indiana 46807.

### Jurisdiction, Contingency, and Waiver

7. The Board has jurisdiction over Respondents and over the subject matter of this cease and desist action, which was initiated to determine whether Respondents were unlawfully engaged in the practice of funeral service under Indiana law without the appropriate Board-issued licenses.

8. The Board shall maintain continuing jurisdiction.

9. This Agreement is subject to the review and approval of the Board pursuant to Ind. Code ch. 25-1-11 and Ind. Code ch. 4-21.5-3.

10. By signing below, Respondents understand and agree that they may not withdraw their assent to this Agreement prior to the time the Board considers and acts on it.

11. Respondents are fully aware of their legal rights under Indiana law in this matter, including the right to a hearing before the Board on the charges and allegations in the Motion for Cease and Desist Order; the right to confront and cross-examine witnesses and to present evidence and to testify in such a hearing; the right to the issuance of subpoenas to secure witnesses and the production of

Exhibit A

evidence; the right to rehearing and judicial review of an adverse Board decision; and all other rights afforded by Indiana's Administrative Orders and Procedure Act and other applicable Indiana laws.

12. Respondents voluntarily, knowingly, and intelligently waive each of these rights under Indiana law, and Respondents do so to terminate proceedings before the Board under the terms of the agreed Cease and Desist Order memorialized below.

**Unlicensed Practice**

13. Respondent Company operates a website at www.deathdonedifferently.com.

14. In the "Learn More" tab, Respondent Richwine represented that she was "certified through the Earth Traditions Death Midwifery Program and has been trained in the 'Respecting Choices Advance Care Planning' Facilitator Program."

15. She further stated, that, while she is not a licensed funeral director, her services may "be performed under the supervision of a licensed funeral director."

16. Despite this disclaimer, Respondent Company offered several services that constitute the practice of funeral service under Indiana law.

17. In the "Pricing" tab, Respondent Company offered the following services:

   a. "Full End of Life Planning: $150-$500," which includes "discussion of funeral options, body disposition (cremation, traditional burial, or

green burial), service choices, etc. and assistance with paperwork such as living will, DNR form, and healthcare power of attorney."

b. "Facilitation of Community Death Care: $300-$1,000," which includes "verbal guidance with loved ones under the direct supervision of a licensed funeral director for moving, bathing, dressing, and arrangement of the deceased," as well as "consultation with family in regard to personal information about the family, music and reading selections, religious acknowledgements (if any) and programming."

c. "Visits (minimum 2 hours, plus travel): $25-$50/hour," which includes readings, music, conversation, healing touch, or general companionship with the dying individual. Responsibilities do not include medical treatments, housekeeping, household chores, or childcare."

d. "Support with Funeral Home: $100-$300," which includes "accompaniment to funeral home, review of general price list, support with selection of goods and services, presence at funeral service."

18. On the "Indiana Law" tab, Respondent Company provided advice to consumers about a range of funeral services, including embalming, burial containers, and body transportation.

### Subsequent Activity and Mitigating Factors

19. Respondents fully cooperated with OAG's investigation.

4

# Exhibit A

20. Further, since the filing of this case, Respondents took numerous actions to address their unlicensed practice.

21. First, since Petitioner's Motion for Cease and Desist Order was filed, Respondents have stopped taking on any new clients.

22. Second, Respondents have now altered the services they offer to the public.

23. More specifically, Respondents no longer advertise or offer the services set out above in Paragraphs 17(b) and (d).

24. Respondents acknowledge that the practice of funeral service cannot be performed under Indiana law without holding an active funeral home and/or funeral director license issued by the Board.

## STIPULATED CONCLUSIONS OF LAW

25. Indiana Code § 25-15-2-22 provides that the practice of funeral service includes:

> (1) the application of the principles, methods, and techniques of mortuary science to the delivery of funeral services;
>
> (2) the counseling of individuals concerning methods and alternatives for the final disposition of human remains;
>
> (3) the prevention of the spread of infectious and contagious disease from human remains; and,
>
> (4) compliance, in the delivery of funeral merchandise and services, with laws relating to health, public safety, and the environment.

26. Indiana Code § 25-15-8-24(b) provides that, unless exempted, "a person that engages in the practice of funeral service without a license issued under this article commits a Class B infraction."

27. "Person" here includes "a partnership, limited liability company, corporation, trust, or other business association." Ind. Code § 25-15-2-21.

28. Despite lacking a funeral home license, by advertising and providing the services set out in Paragraph 17(a), (b), and (d), and Paragraph 18, Respondent Company engaged in the practice of funeral service, and has thereby violated Ind. Code § 25-15-8-24(b).

29. Similarly, despite lacking a funeral director license, Respondent Richwine, as the founder and principal operator of Respondent Company, also engaged in the practice of funeral service, and has thereby violated Ind. Code § 25-15-8-24(b).

30. In light of the foregoing, the Parties hereby agree that the Board may, without further notice or formal proceeding, issue the following Order:

## CEASE AND DESIST ORDER

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Respondents shall **CEASE AND DESIST** the practice of funeral service in Indiana, as defined by Ind. Code § 25-15-2-22.

I. CEASE PROVISION OF SERVICES

# Exhibit A

Upon issuance of a final order accepting this Agreement, Respondents shall **IMMEDIATELY** cease to provide the services set out in Paragraph 17(a), (b), and (d).

Respondents shall refrain from counseling consumers, whether individually or in educational events open to the public, in any manner and through any medium, concerning the methods and alternatives for the final disposition of human remains.

II. REMOVE ADVERTISING OF SERVICES

Within **ONE (1) WEEK** of the date of a final order accepting this Agreement, Respondents shall eliminate the items set out in Paragraph 17(a), (b), and (d), and in Paragraph 18, along with any similar verbiage, from their website and from any and all advertising materials or business documents.

III. VIOLATION AND ENFORCEMENT

Pursuant to Ind. Code § 25-1-7-14(d), should Respondents fail to abide by the terms of this Agreement, the Office of the Indiana Attorney General may, without further motion or action from the Board, seek enforcement of this Order against Respondents in a circuit or superior court, in addition to any other remedies available by law.

7

Exhibit A

## ACCEPTANCE

I have carefully read the above Proposed Cease and Desist Agreement. I understand the stipulation and effect it will have on me and on my business and that, subject to a Final Order issued by the Board, this is a final disposition and is not subject to further review. I enter into this Agreement voluntarily, knowingly, and intelligently, and I agree to a Final Order of the State Board of Funeral and Cemetery Service.

_____  Date: 07/28/2023
Lauren Richwine
Owner
*For Respondent Company*

_____  Date: 07/28/2023
Lauren Richwine
*Respondent*

I have read and fully discussed the terms and conditions and other matters contained in the above Proposed Settlement Agreement with my clients. I approve its form and content.

_____  Date: July 28, 2023
Erika Steuerwald
Attorney No. 34044-49
*Counsel for Respondents*

8

# Exhibit A

## CONCLUSION

The foregoing Proposed Cease and Desist Agreement is hereby submitted for consideration to the State Board of Funeral and Cemetery Service.

Respectfully submitted,

THEODORE E. ROKITA
Indiana Attorney General
Attorney No. 18857-49

By: *Ian Mathew*

Ian Mathew
Deputy Attorney General
Attorney No. 36392-49
*Counsel for Petitioner*

# Exhibit A