**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **LAUREN RICHWINE and DEATH DONE DIFFERENTLY, LLC,** | ) ) ) | |
| **Plaintiff,** | ) ) | **CASE NO. 1:23-cv-00370-HAB-SLC** |
| **v.** | ) ) ) | |
| **KATHLEEN DIANE MATUSZAK, THOMAS SPROLES, FRANK DOWNING, and CHRISTOPHER COOKE, in their official capacities as members of the Indiana State Board of Funeral & Cemetery Service; THEODORE ROKITA, in his official capacity as Attorney General of Indiana; and LINDSAY HYER, in her official capacity as Executive Director of the Indiana Professional Licensing Agency,** | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) | |

## DEFENDANTS' MOTION FOR STAY PENDING APPEAL

Defendants, Kathleen Diane Matuszak, Thomas Sproles, Frank Downing, Christopher Cooke, Theodore Rokita, and Lindsay Hyer, collectively and by counsel, respectfully request that the Court exercise its inherent authority to stay this action pending the Seventh Circuit's resolution of the recently filed appeal of this Court's December 19, 2023, Order granting Plaintiffs' preliminary injunction (ECF 38). In support of this Motion, the Defendants state as follows:

1.     On or about August 30, 2023, Plaintiffs filed their Verified Complaint for Declaratory and Injunctive Relief and supporting exhibits. (ECFs 1, 11).

2.     That same day, Plaintiffs also filed their Motion for Preliminary Injunction, supporting brief, and other supporting documents. (ECFs 2-5).

3.     After briefing and supplemental briefing by the parties, on December 19, 2023, this Court issued an Order granting Plaintiffs' Motion for Preliminary Injunction. (ECF 38).

4. Following the issuance of the December 19, 2023, Order, the parties conferred and filed a Report of Parties' Planning Meeting on January 5, 2024, which included suggested case management deadlines. (ECF 41).

5. On January 10, 2024, the Court held a telephonic preliminary pretrial conference wherein the suggested case management deadlines were largely adopted and included in the subsequent Scheduling Order. (ECFs 42-43). During this pretrial conference, the topic of a potential appeal was raised by the Defendants, and the Defendants also indicated that if an appeal is pursued, they would seek a stay of proceedings.

6. The Defendants have since decided to pursue an appeal of the December 19, 2023, Order, and have filed the necessary documents to initiate that appeal. (ECF 44).

7. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

8. The decision to grant a stay is committed to the sound discretion of the Court and must be exercised consistent with principles of fairness and judicial economy. *E.E.O.C. v. Fair Oaks Dairy Farms, LLC*, No. 2:11 CV 265, 2012 WL 3138108, at *2 (N.D. Ind. Aug. 1, 2012).

9. When deciding whether to grant a stay of proceedings, courts consider whether the requested stay will (1) unduly prejudice or tactically disadvantage the nonmoving party; (2) simplify the issues in the litigation and streamline any trial; and (3) reduce the burden of litigation on parties and the court. *Nextt Sols., LLC v. XOS Techs., Inc.*, No. 3:13-CV-1030-JTM-CAN, 2015 WL 13819798, at *1 (N.D. Ind. Apr. 27, 2015).

10.     Here, Plaintiffs are not unduly prejudiced or tactically disadvantaged because this case is in its infancy with no party having exchanged any initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), no other discovery having been exchanged, and no substantive rulings having been issued aside from the aforementioned December 19, 2023, Order. *See, Nextt,* 2015 WL 13819798, at *2.

11.     Further, a stay of proceedings would likely help simplify the issues in litigation and/or streamline any future motion practice or trial before this Court, as the resolution of the pending appeal will likely clarify whether Plaintiffs' claims were previously waived and/or are now precluded, or any extent thereto, which will likely directly impact how the case is pursued by all parties involved and what discovery may be necessary.

12.     Additionally, a stay of proceedings will necessarily reduce the burden of litigation on the parties and this Court. Currently, there are several impending deadlines set forth in the Scheduling Order which are likely to expire during the pendency of the appeal. Rather than have the parties engage in discovery and other pre-trial motion practice while simultaneously briefing the appeal, a stay of proceedings during the pendency of the appeal would be in the best interest of the parties and Court to preserve judicial resources and reduce the burden of litigation on everyone involved, especially as the outcome of the appeal will likely directly impact how the case proceeds before this Court.

13.     Finally, a stay of proceedings will also reduce the burden of litigation on the parties and the Court, as following the resolution of the appeal, the Scheduling Order can be reviewed and/or modified, to the extent needed, which would obviate any need to possibly extend case management dates while the appeal remains pending.

14.     Counsel for the Defendants has contacted counsel for Plaintiffs and has been advised that they do not object to this request.

15.     This request is not being brought for the purpose of delay and, as outlined above, will not prejudice any party.

For these reasons, Defendants, Kathleen Diane Matuszak, Thomas Sproles, Frank Downing, Christopher Cooke, Theodore Rokita, and Lindsay Hyer, respectfully request that the Court stay this action pending the resolution of the underlying appeal and for any other just and proper relief under the circumstances.

Respectfully submitted,

**EICHHORN & EICHHORN, LLP**

/s/ *Alan M. Kus*
Carly A. Brandenburg, #27038-45
Alan M. Kus, #31388-45
Attorneys for Defendants, Kathleen Diane Matuszak,
Thomas Sproles, Frank Downing, Christopher Cooke,
Theodore Rokita, and Lindsay Hyer

**EICHHORN & EICHHORN, LLP**
2929 Carlson Drive, Suite 100
Hammond, IN 46323
Telephone: (219) 931-0560
cbrandenburg@eichhorn-law.com
akus@eichhorn-law.com

## CERTIFICATE OF SERVICE

I, Alan M. Kus, certify that on January 18, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

/s/ *Alan M. Kus*
Alan M. Kus, #31388-45

4