**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| LAUREN RICHWINE and DEATH DONE DIFFERENTLY LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO.: 1:23-cv-00370-HAB-SLC ) |
| KATHLEEN DIANE MATUSZAK, THOMAS SPROLES, FRANK DOWNING, and CHRISTOPHER COOKE, in their official capacities as members of the Indiana State Board of Funeral & Cemetery Service; THEODORE ROKITA, in his official capacity as Attorney General of Indiana; and LINDSAY HYER, in her official capacity as Executive Director of the Indiana Professional Licensing Agency, | ) PRELIMINARY INJUNCTION ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) ) |

**ORDER**

On December 19, 2023, this Court entered an order granting Plaintiffs' First Motion for a Preliminary Injunction. (ECF No. 38). Defendants timely appealed the Court's order. (ECF No. 44). Although the injunction was granted, the Court failed to comply with Fed. R. Civ. P. 65(d)(1)(C) which the Seventh Circuit has interpreted as requiring "a separate document, with a self-contained statement of what the court directs be done." *See BankDirect Capital Financial v. Capital Premium Financial, Inc.,* 912 F.3d 1054, 1057 (7th Cir. 2019) ("Language in an opinion does not comply with Rule 65(d)."). *Bethune Plaza, Inc. v. Lumpkin*, 863 F.2d 525, 527 (7th Cir. 1988) ("A judicial opinion is not itself an order to act or desist; it is a statement of reasons supporting the judgment.... There must be a separate document, with a self-contained statement of

what the court directs be done.") *Cf. Quincy Bioscience, LLC v. Ellishbrooks*, 957 F.3d 725, 728 n.17 (7th Cir. 2020) (court issued a limited remand for parties to seek an injunction that complies with Rule 65 (d)(1)(C).); *MillerCoors LLC v. Anheuser-Busch Companies*, LLC 940 F.3d 922 (7th Cir. 2019) (per curiam) (same). Thus, on March 1, 2024, the Seventh Circuit remanded the case for the limited purpose of allowing this Court to enter an injunction that complies with Rule 65(d)(1)(C).

In accordance with the Court's prior opinion and order (ECF No. 38), the Court hereby orders that Defendants Kathleen Diane Matuszak, Thomas Sproles, Frank Downing, Christopher Cooke, Theodore Rokita, and Lindsay Hyer, in their official capacities, and all persons acting in concert with them, are preliminarily enjoined during the pendency of this action from enforcing Ind. Code § 25-15, et seq., governing Embalmers and Funeral Directors against Plaintiffs as follows:

1. On the grounds that Plaintiff Death Done Differently LLC ("Death Done Differently") is acting as an unlicensed funeral establishment by advertising and providing communicative services including, but not limited to, the following:

   a. "Full End of Life Planning" which includes "discussion of funeral options, body disposition (cremation, traditional burial, or green burial), service choices, etc. and assistance with paperwork such as living will, DNR form, and healthcare power of attorney";

   b. "Facilitation of Community Death Care" which includes "verbal guidance with loved ones under the direct supervision of a licensed funeral director for moving, bathing, dressing, and arrangement of the deceased," as well as "consultation with

family in regard to personal information about the family, music and reading selections, religious acknowledgements (if any) and programming";

   c. "Visits" which includes "readings, music, conversation, healing touch, or general companionship with the dying individual. Responsibilities do not include medical treatments, housekeeping, household chores, or childcare."

   d. "Support with Funeral Home" which includes "accompaniment to funeral home, review of general price list, support with selection of goods and services, presence at funeral service";

   e. Providing advice to consumers about ranges of funeral services, including embalming, burial containers, and body transportation; and

   f. Discussions of funeral options, verbal guidance, and consultation with families about death case.

2. On the grounds that Plaintiff Lauren Richwine ("Richwine") is acting as an unlicensed funeral director by providing communicative services including, but not limited to, the following:

   a. "Full End of Life Planning" which includes "discussion of funeral options, body disposition (cremation, traditional burial, or green burial), service choices, etc. and assistance with paperwork such as living will, DNR form, and healthcare power of attorney";

   b. "Facilitation of Community Death Care" which includes "verbal guidance with loved ones under the direct supervision of a licensed funeral director for moving, bathing, dressing, and arrangement of the deceased," as well as "consultation with

family in regard to personal information about the family, music and reading selections, religious acknowledgements (if any) and programming";

c. "Visits" which includes "readings, music, conversation, healing touch, or general companionship with the dying individual. Responsibilities do not include medical treatments, housekeeping, household chores, or childcare."

d. "Support with Funeral Home" which includes "accompaniment to funeral home, review of general price list, support with selection of goods and services, presence at funeral service";

e. Providing advice to consumers about ranges of funeral services, including embalming, burial containers, and body transportation; and

f. Discussions of funeral options, verbal guidance, and consultation with families about death care.

3. On the grounds that Plaintiffs are providing free guidance or advice without a funeral establishment license or a funeral director license.

4. On the grounds that Plaintiffs are engaging in discussions of funeral options, providing verbal guidance and consultation with families about death care, and providing advice about choosing funeral services without a funeral establishment license of a funeral director license.

5. On the grounds that Plaintiffs are selling, advertising, or providing educational events about end-of-life planning and other death-related topics without funeral establishment or funeral director licenses.

6. On the grounds that Plaintiffs are using language on Death Done Differently's website that provides advice to consumers and the public about ranges of funeral services and end-of-life planning without funeral establishment or funeral director licenses.

7. On the grounds that Plaintiffs are using disclaimers on Death Done Differently's website indicating that Death Done Differently is not a licensed funeral establishment and Richwine is not a licensed funeral director without a funeral establishment or funeral director licenses.

This Court shall retain jurisdiction to enforce this Preliminary Injunction.

SO ORDERED on March 5, 2024.

 s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT