**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | |
|---|---|
| LAUREN RICHWINE and DEATH DONE DIFFERENTLY LLC, <br><br> *Plaintiffs*, <br><br> v. <br><br> KATHLEEN DIANE MATUSZAK, THOMAS SPROLES, FRANK DOWNING, and CHRISTOPHER COOKE, in their official capacities as members of the Indiana State Board of Funeral & Cemetery Service; THEODORE ROKITA, in his official capacity as Attorney General of Indiana; and LINDSAY HYER, in her official capacity as Executive Director of the Indiana Professional Licensing Agency, <br><br> *Defendants*. | Case No. 1:23-cv-370-HAB-ALT |

**CONSENT DECREE**

This Consent Decree is made and agreed upon by and between Plaintiffs Lauren Richwine and Death Done Differently LLC and Defendants Kathleen Diane Matuszak, Thomas Sproles, Frank Downing, and Christopher Cooke, in their official capacities as members of the Indiana State Board of Funeral & Cemetery Service (the "Board"), Theodore Rokita, in his official capacity as Attorney General of Indiana, and Lindsay Hyer, in her official capacity as Executive Director of the Indiana Professional Licensing Agency (the "IPLA"). Plaintiffs and Defendants shall jointly be referred to as the "Parties."

1

**<u>Recitals and Background</u>**

1.  Plaintiff Lauren Richwine is a "death doula." Through her business, Death Done Differently LLC, she advises and educates families and their loved ones regarding their end-of-life options. She advertises her services on her website.

2.  Plaintiffs do not possess a funeral-director license or a funeral-home license.

3.  Indiana law defines the "practice of funeral service"—thereby triggering a requirement for licensure—to include "the application of the principles, methods, and techniques of mortuary science to the delivery of funeral services" or "the counseling of individuals concerning methods and alternatives for the final disposition of human remains," among other things. Ind. Code § 25-15-2-22. Likewise, "funeral services" are defined to include "counseling of survivors of a deceased individual on . . . the services, methods, and alternatives for final disposition of human remains" and "arranging, supervising, or conducting a funeral service in conjunction with the memorialization or the disposition of human remains." *Id.* § 25-15-2-17.

4.  On August 21, 2023, the Board concluded that Plaintiffs' speech constituted the practice of funeral service and ordered Plaintiffs to cease providing or advertising several of their services and "refrain from counseling consumers, whether individually or in educational events open to the public, in any manner and through any medium, concerning the methods and alternatives for the final disposition of human remains" until they obtain both a funeral-director license and a funeral-home license.

5.  Plaintiffs commenced this action on August 30, 2023, alleging that Defendants' enforcement actions pursuant to Ind. Code tit. 25, art. 15 ("Indiana's funeral laws"), and 832 Ind. Admin. 1-1-1 *et seq.* ("Indiana's funeral regulations") violated their First Amendment rights. Plaintiffs requested declaratory and injunctive relief. *See* ECF Nos. 1, 2–3.

6.  On December 19, 2023, the Court entered an opinion and order granting Plaintiffs' request for a preliminary injunction. The Court determined that Defendants' enforcement of Indiana's funeral laws against Plaintiffs was, as-applied, a content-based restriction on speech that failed strict scrutiny. *See* ECF No. 38.

7. On March 5, 2024, the Court entered a separate order setting out more detailed terms of the preliminary injunction, enjoining Defendants from enforcing Indiana's funeral laws and regulations against Plaintiffs' speech. *See* ECF No. 50.

8. On August 28, 2025, the Seventh Circuit affirmed the preliminary injunction and remanded the case. The court determined that Defendants' enforcement of Indiana's funeral laws regulated speech and failed to satisfy even intermediate scrutiny. *See Richwine v. Matuszak*, 148 F.4th 942 (7th Cir. 2025).

9. Following these decisions, the Parties have agreed to this Consent Decree to convert the preliminary injunction into a permanent injunction, among other terms.

10. The Court finds this Consent Decree fair, adequate, reasonable and consistent with the law, and enters it as a final judgment.

11. The Court retains jurisdiction to enforce the terms of this Consent Decree and the included permanent injunction.

### Terms and Conditions

12. An actual case and controversy exists sufficient to enter the instant Consent Decree.

13. The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983.

14. Venue lies in this Court pursuant to 28 U.S.C. § 1391.

15. The Parties agree that the Court may convert its preliminary injunction into a permanent injunction as implemented below at ¶¶ 19–22.

16. The Parties have negotiated an agreed amount for attorneys' fees, expenses, and costs of $250,000.00, which Defendants shall pay Plaintiffs' attorneys within sixty (60) days following the entry of an Order approving this Consent Decree by the Court.

17. Defendants agree to provide a copy of this Consent Decree to any employees and agents of the Board, the IPLA, and the Indiana Attorney General's office responsible for enforcing Indiana's funeral laws and regulations or otherwise receiving and investigating complaints for practicing funeral services without a license.

18. Consistent with the Seventh Circuit's decision and the permanent injunction, Defendants will not enforce Indiana's funeral laws and regulations against Plaintiffs for the activities covered by the injunction. Defendants will provide internal notice of this Consent Decree to relevant enforcement personnel.

### Permanent Injunction

19. The Parties agree that the Court's preliminary injunction, ECF No. 50, shall be converted into a permanent injunction.

20. Accordingly, the Court orders that Defendants and their employees, agents, representatives, and successors, and all persons acting in concert with them, are PERMANENTLY ENJOINED from enforcing Indiana's funeral laws and regulations against Plaintiffs as follows:

   a. On the grounds that they are acting as an unlicensed funeral director or funeral home by providing and advertising communicative services including, but not limited to, the following topics referenced in the record in this case:

      i. "Full End of Life Planning," which includes "discussion of funeral options, body disposition (cremation, traditional burial, or green burial), service choices, etc. and assistance with paperwork such as living will, DNR form, and healthcare power of attorney";

      ii. "Facilitation of Community Death Care," which includes "verbal guidance with loved ones under the direct supervision of a licensed funeral director for moving, bathing, dressing, and arrangement of the deceased," as well as "consultation with family in regard to personal information about the family, music and reading selections, religious acknowledgements (if any) and programming";

      iii. "Visits," which includes "readings, music, conversation, healing touch, or general companionship with the dying individual. Responsibilities do not include medical treatments, housekeeping, household chores, or childcare";

iv. "Support with Funeral Home," which includes "accompaniment to funeral home, review of general price list, support with selection of goods and services, presence at funeral service";

v. Advice to consumers about ranges of funeral services, including embalming, burial containers, and body transportation; and

vi. Discussions of funeral options, verbal guidance, and consultation with families about death care.

b. On the grounds that Plaintiffs are providing free guidance or advice about end-of-life care or the disposition of human remains;

c. On the grounds that Plaintiffs are engaging in discussions of funeral options, providing verbal guidance and consultation with families about death care, and providing advice about choosing funeral services;

d. On the grounds that Plaintiffs are selling, advertising, or providing educational events and lectures about end-of-life planning and other death-related topics;

e. On the grounds that Plaintiffs are using language on Plaintiffs' website that provides advice to consumers and the public about ranges of funeral services and end-of-life planning without funeral establishment or funeral director licenses;

f. On the grounds that Plaintiffs are using disclaimers on Plaintiffs' website indicating that Plaintiff Lauren Richwine is not a licensed funeral director and Plaintiff Death Done Differently is not a licensed funeral home.

21. The Court further clarifies the scope of its injunction such that Defendants and their employees, agents, representatives, and successors, are also PERMANENTLY ENJOINED from enforcing Indiana's funeral laws and regulations against Plaintiffs on the grounds that Plaintiffs provide the following additional communicative services identified in their Verified Complaint and referenced in the record in this case:

a. Verbal guidance and emotional support during home funerals (Compl. ¶ 46);

b. Mentoring aspiring death doulas or others interested in communicative services surrounding end-of-life decisions (Compl. ¶ 54);

c. Co-facilitating "death cafés," educational lectures, or free community events where individuals can gather and openly discuss death and dying (Compl. ¶¶ 55–56);

d. Assisting individuals in writing or recording legacy letters and messages (Compl. ¶ 41(g) & Ex. A);

e. Teaching skills for grieving healthily (Compl. ¶ 45);

f. Discussing end-of-life options for pets (Compl. ¶ 52 & Ex. A).

22. For clarity, the Parties agree that the permanent injunction prohibits Defendants from enforcing Indiana's funeral laws and regulations against Plaintiffs on the grounds that Plaintiffs are acting as an unlicensed funeral establishment or funeral director by providing purely communicative services of the type addressed in the Court's preliminary injunction and litigated in this case, including advice, discussion, education, and emotional support related to end-of-life planning and funeral arrangements. Nothing in this injunction shall be construed to (a) immunize non-speech conduct, including the physical handling, storage, transportation, or disposition of human remains; (b) preclude enforcement of generally applicable laws unrelated to funeral licensure; or (c) bar enforcement based on materially different factual circumstances, including non-expressive conduct regulated for public health or safety reasons.

**Enforcement of Consent Decree**

23. If Plaintiffs reasonably believe that Defendants are not in substantial compliance with the terms of this Consent Decree, Plaintiffs' counsel shall, by written notice, call a meeting with counsel for Defendants to be held at a mutually agreeable time and place within fifteen (15) days of the request to discuss and attempt to resolve the dispute. Plaintiffs' counsel and Defendants'

counsel shall meet and confer to attempt to develop a plan towards achieving compliance with the terms of this Consent Decree.

24. If counsel for the Parties cannot resolve the claimed issue within 30 days after good-faith conferral, either Party may move this Court for appropriate relief pursuant to Rule 70 or other applicable authority. The Court may award attorneys' fees and costs only upon the finding of willful noncompliance with this Consent Decree.

25. The Parties may jointly agree to make changes, modifications, and amendments to this Consent Decree, which shall be effective if approved by this Court.

26. The Parties stipulate, and the Court agrees, that entry of this Consent Decree fully resolves this case. The Parties agree not to appeal the entry of this Consent Decree.

27. By consent of the Parties, the Court shall retain jurisdiction to monitor and enforce the terms of this Consent Decree and the included permanent injunction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Goulding v. Glob. Med. Prods. Holdings, Inc.*, 394 F.3d 466, 468 (7th Cir. 2005); *Hill v. Baxter Healthcare Corp.*, 405 F.3d 572, 576 (7th Cir. 2005).

28. This Consent Decree constitutes a final judgment under Rules 54 and 58 and terminates this case, except insofar as the Court retains jurisdiction to enforce its terms.

29. This Consent Decree becomes effective when the Court enters it and it is filed on the docket.

**SO ORDERED** on June 9, 2026.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

The Parties hereby consent to the entry of this Consent Decree:

LAUREN RICHWINE and DEATH DONE DIFFERENTLY LLC,

KATHLEEN DIANE MATUSZAK, THOMAS SPROLES, FRANK DOWNING, and CHRISTOPHER COOKE, in their official capacities as members of the Indiana State Board of Funeral & Cemetery Service; THEODORE ROKITA, in his official capacity as Attorney General of Indiana; and LINDSAY HYER, in her official capacity as Executive Director of the Indiana Professional Licensing Agency,

Plaintiffs,

Defendants,

**By:** /s/ *Benjamin A. Field*
**Benjamin A. Field**
Attorney for Plaintiffs

**By:** /s/ *Carly A. Brandenburg*
**Carly A. Brandenburg**
Attorney for Defendants

INSTITUTE FOR JUSTICE
901 N. Glebe Rd., Ste. 900
Arlington, Virginia 22203
(703) 682-9320

EICHHORN & EICHHORN, LLP
2929 Carlson Dr., Ste. 100
Hammond, IN 46321
(219) 931-0560